ELIZABETH MOORHEAD *v.* DAVID DAYTON, Trustee,
    DANIEL McCORRISTON and HUGH McCOR-
    RISTON.

MOTION.

SUBMITTED NOVEMBER 7, 1895.    DECIDED NOVEMBER 13, 1895.

JUDD, C.J., AND FREAR, J. BICKERTON, J., ABSENT FROM ILLNESS.

In a decree affirming the decree below, liberty to apply in the lower
    court for leave to file a bill of review for newly discovered matter
    will not be reserved where it appears that such matter might
    have been discovered by reasonable diligence in time to be avail-
    able at an earlier stage of the case, and that it would not have
    altered the result if it had been before the court at the hearing.

OPINION OF THE COURT BY FREAR, J.

This court having on the 11th of last July filed a decision
(to which reference is hereby made for a statement of the case)
affirming the decree of the Circuit Judge that the plaintiff
has no interest in the property known as the Criterion Saloon,
the plaintiff now moves that a decree be made in conformity
with such decision but that such decree reserve to her liberty
to apply to the Circuit Judge for leave to file a bill of review on
the ground of newly discovered matter.

Assuming, but not deciding, that it is the better practice
for the Appellate Court to reserve upon a proper showing such
liberty as is asked for rather than for the lower court to enter-
tain such application without liberty reserved here, we are
of the opinion that a sufficient showing has not been made in
this instance.

The alleged newly discovered matter is: (1) that the property

on Fort Street was conveyed to the plaintiff's testator by two deeds; (2) that at the time of his death there were only two leases of the property outstanding, the several portions thus granted and leased being shown by a new map, and (3) that the testator had been in the habit of calling this property "the yard," and that shortly before his death he had told the plaintiff that " 'the yard' was to be kept for her except the blacksmith shop."

Upon examining the deeds, leases and map, we find that one deed covers the front portions of the Blacksmith and Germania Market premises and a small part of the Criterion Saloon premises, and the other the remaining front part of the Criterion premises as one lot and the rear portion of all the premises as another lot; also that one lease covers the Criterion Saloon premises and the other the Germania Market premises. This strengthens rather than weakens the former findings, for it tends to show that the testator considered the Germania Market premises and the Criterion Saloon premises as separate. It is immaterial that the boundaries of the demised Germania Market premises do not exactly coincide all around with those of the Germania Market building. As to the alleged new matter relating to "the yard," we do not think that it could have altered the result if it had been before the court at the hearing.

But aside from the effect of the alleged new matter, it seems to us that upon the facts before us on this motion the matter cannot be considered new. New matter for which a bill of review may be filed must be not only newly discovered, but such as could not by reasonable diligence have been discovered in time to be available at an earlier stage of the case. In this case, the matter as to "the yard" was known to the plaintiff, and the deeds and leases were open to the inspection of herself and her counsel.

Granting leave of the nature asked for is within the sound discretion of the court, and we are of the opinion that justice does not require that such leave be reserved in this instance.

A decree will be made in conformity with the decision filed without reservation.

*A. S. Hartwell,* for plaintiff.

*W. A. Kinney,* for defendants.